IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS BOTELL, JENNIFER BOTELL, individually, and B.B. and K.B., minors, by and through their Guardian ad Litem, JENNIFER BOTELL,

        Plaintiffs,

    v.

The UNITED STATES OF AMERICA,

        Defendant.

2:11-cv-01545-GEB-GGH

ORDER

        Defendant the United States of America seeks dismissal of Plaintiffs' wrongful death, negligence, and negligent infliction of emotional distress claims under Federal Rule of Civil Procedure 12(b)(1), arguing "[t]he Court lacks jurisdiction over this lawsuit because the challenged actions are covered by the discretionary function exception to the Federal Tort Claims Act ('FTCA')." (Def.'s Mot. 1:9-11.) Plaintiffs oppose the motion.

        This action concerns a fatal and nonfatal accident occurring on July 29, 2009, on Lassen Volcanic National Park's Lassen Peak Trail ("Trail"). (Compl. 3:24-4:10.) Plaintiffs allege Defendant's failure to maintain the Trail and failure to provide any warning regarding the danger on the Trail involved with these accidents causes Defendant to be liable for the fatality of Tommy Botell and the severe physical injury

to Plaintiff K.B. Id. 3:15-19, 4:2-5.

The FTCA waives sovereign immunity for tort claims arising out of "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1) (2010). However, the FTCA's waiver of immunity is limited by many exceptions, including the discretionary function exception, which provides immunity from suit for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "The burden of proving the applicability of the discretionary function exception is on the [Defendant]." Marlys Bear Med. v. United States ex. rel. Sec'y of Dep't of Interior, 241 F.3d 1208, 1213 (9th Cir. 2001).

The Supreme Court implemented "a two-step analysis to determine applicability of the [discretionary function] exception." Terbush v. United States, 516 F.3d 1125, 1129 (9th Cir. 2008). The first step requires determining whether the challenged action "involve[s] an element of judgment or choice." United States v. Gaubert, 499 U.S. 315, 322 (1991). "The second [step] requires the court to determine whether the discretion left to the government is the kind of discretion protected by public policy, which is understood to include decisions grounded in social, economic, or political policy." Myers v. U.S., --- F.3d ----, 2011 WL 2816640, at *5 (9th Cir. 2011)(internal quotation marks omitted).

Defendant's factual showing in support of its motion is premised on its asserted judgments or choices in its decisions concerning

2

how the Trail was to be maintained and how the public was to be warned of any danger on the Trail. Defendant contends "there was no federal statute, regulation, or policy that specifically prescribed how or when the Trail's rock walls should be maintained" or "how to warn of any dangers that the Trail, including its rock retaining walls, may have posed." (Def.'s Mot. 10:17-20.) Even assuming, *arguendo,* that the issue is only whether Defendant's alleged failure to maintain the Trail or to warn about any danger thereon was based on a discretionary decision, Defendant has failed to meet its burden in showing that it made a decision which "is of the kind that the discretionary function exception was designed to shield." Gaubert, 499 U.S. at 322.

Defendant supports its position that its decision concerning maintenance of the Trail was grounded in policy by citing to information in an Environmental Assessment that postdates the accidents, and to averments in two declarations regarding funding considerations concerning maintenance of the Trail that fail to state when the considerations were pondered. Further, Defendant supports its position that its decision concerning warning visitors about any dangers on the Trail was grounded in policy by citing to an averment in a declaration concerning an issued warning. However, the referenced averment fails to state whether the warning was issued after or before the subject accidents.

Therefore, Defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.

Dated: October 17, 2011

GARLAND E. BURRELL, JR.
United States District Judge