IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THOMAS BOTELL, JENNIFER BOTELL, individually, and B.B. and K.B., minors, by and through their Guardian ad Litem, JENNIFER BOTELL,<br><br>             Plaintiffs,<br><br>       v.<br><br>UNITED STATES OF AMERICA,<br><br>             Defendant. | 2:11-cv-01545-GEB-GGH<br><br><u>ORDER</u> |

      Defendant filed a motion to reconsider the Court's October 17, 2011 Order denying its motion to dismiss for lack of subject matter jurisdiction. Defendant argues "the basis for the denial of the Motion is in conflict with Ninth Circuit precedent." (Def.'s Mot. 2:6-7.) Plaintiffs oppose the motion, arguing, *inter alia*, "there is no legal basis for reconsideration and the motion should be denied." (Pls.'s Opp'n 3:23.)

      "Under [Federal] Rule [of Civil Procedure] 59(e), it is appropriate to alter or amend a judgment if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." <u>United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.</u>, 555 F.3d 772, 780

(9th Cir. 2009) (internal quotation marks omitted).

Defendant argues the Court committed clear error since "the Ninth Circuit has stated that there does not need to be evidence that weighing of policy considerations actually occurred for the discretionary function exception to apply." (Def.'s Mot. 2:13-14.) This argument, however, fails to show recognition of the following Ninth Circuit principle on which the October 17, 2011 Order relied:

> Although we recognize <u>Gaubert's</u> presumption of actions taken in furtherance of a regulatory regime's goals to be "grounded" in the policy of the regulatory regime, and are aware that we do not need actual evidence of policy-weighing in any given decision, **there still must be some support in the record that the decisions taken are "susceptible" to policy analysis for the discretionary function exception to apply. On this point, the government bears the burden. It is not sufficient for the government merely to waive the flag of policy as a cover for anything and everything it does that is discretionary in nature** . . . . Indeed, if all that were required were a bald incantation of "policy," then such an approach would swallow the second prong [of the discretionary function exception analysis.]

<u>Terbush v. United States</u>, 516 F.3d 1125, 1134-35 (9th Cir. 2008)(emphasis added).

<u>Terbush</u> found the record insufficient for a decision on whether maintenance of the wastewater system involved in that case was protected by the discretionary function exception, stating:

> We cannot determine on the record before us whether the challenged maintenance at issue is maintenance that falls beyond policy judgments or whether it tends to the other end of the spectrum, which implicates broader mandates of NPS's policy regime. Merely establishing that the boundaries of maintenance are discretionary is not sufficient.

<u>Id.</u> at 1134. Similarly, the record involved with the government's motion here has been found insufficient for decision on the discretionary function issue.

1    Therefore, Defendant's reconsideration motion is DENIED.

2 Dated: November 23, 2011

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```