IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
THOMAS BOTELL, JENNIFER BOTELL,   )
individually, and B.B. and K.B., )   2:11-cv-01545-GEB-GGH
minors, by and through their     )
Guardian ad Litem, JENNIFER      )
BOTELL,                          )   ORDER
                                 )
          Plaintiffs,            )
                                 )
     v.                          )
                                 )
UNITED STATES OF AMERICA,        )
                                 )
          Defendant.             )
_____)
```

Plaintiffs move under Federal Rule of Civil Procedure ("Rule") 12(f) for an order striking Defendant's twenty-one affirmative defenses. Plaintiffs argue "Defendant's affirmative defenses are insufficient, redundant, immaterial, or impertinent" since "each . . . affirmative defense[] fails to allege . . . facts and thus fails to put Plaintiffs on fair notice." (Pls.' Mot. 5:25-26, 6:11-12.) Alternatively, Plaintiffs argue Defendant's first, second, sixth through tenth, twelfth, thirteenth, and fifteenth through twenty-first defenses should be stricken since they are not affirmative defenses. Id. 6:9-10. Defendant counters its affirmative defenses, with the exception of its sixteenth and eighteenth affirmative defenses which it voluntarily withdraws, "are appropriately pled, and should not be stricken." (Def.'s

Opp'n 4:15-16.)

## I.  LEGAL STANDARD

"Rule 12(f) provides in pertinent part that the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Motions to strike are disfavored and infrequently granted." Bassett v. Ruggles, 2009 WL 2982895, at *24 (E.D. Cal. Feb. 17, 2009) (internal quotation marks omitted). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citation and quotations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (internal citation and quotations omitted).

"The procedural sufficiency of a pleaded claim or defense in federal court is governed by the federal rules, even though the defense relied on may be a state defense." Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979); see also Taylor v. United States, 821 F.2d 1428, 1432 (9th Cir. 1987) ("Although state substantive law governs in suits brought under the [Federal Tort Claims Act ('FTCA')], the Federal Rules of Civil Procedure determine the manner and time in which defenses may be raised."). Rule 8(c) "governs the pleading of an affirmative defense." J&J Sports Prods., Inc. v. Gidha, No. CIV-S-10-2509, 2012 WL 537494, at *2 (E.D. Cal. Feb. 17, 2012).

1       The parties dispute, however, which pleading standard applies
2 to affirmative defenses. Plaintiffs argue the heightened pleading
3 standard enumerated in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544
4 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), governs affirmative
5 defenses. (Pls.' Mot. 4:13-17.) Defendant counters, arguing "[c]urrent
6 Ninth Circuit law applies the pleading standards set forth in <u>Conley v.
7 Gibson</u>, 355 U.S. 41 (1957)." (Def.'s Opp'n 5:1-2.) Under this lower
8 pleading standard, "[t]he key to determining the sufficiency of pleading
9 an affirmative defense is whether it gives plaintiff fair notice of the
10 defense." <u>Wyshak</u>, 607 F.2d at 827.

11       "[T]he Ninth Circuit has yet to apply <u>Twombly</u> and <u>Iqbal</u> to
12 affirmative defenses, and to date, no circuit court has issued a
13 decision regarding the applicability of the heightened pleading standard
14 to affirmative defenses." <u>J&J Sports Prods., Inc.</u>, 2012 WL 537494, at
15 *2. "District courts in the Ninth Circuit are split on the issue." <u>Id.</u>
16 Because of what is at issue in this motion, the parties' dispute
17 concerning the applicable standard need not be resolved since even if
18 the lesser pleading standard applies, the motion will be granted and
19 denied in part for the reasons stated below.

20                **II.   DISCUSSION**

21    **i.   First Affirmative Defense**

22       Plaintiffs argue Defendant's first affirmative defense, in
23 which Defendant alleges Plaintiffs failed to state a claim upon which
24 relief may be granted, is not an affirmative defense. (Pls.' Mot. 6:14-
25 22.) Defendant counters, arguing "Form 30, at paragraph 4, sets out the
26 approved form for assertion of the affirmative defense of failure to
27 state a claim." (Def.'s Opp'n 5:26-6:2.)

28       "[F]ailure to state a claim is not a proper affirmative

3

1  defense but, rather, asserts a defect in the plaintiff's prima facie
2  case." G&G Closed Circuit Events, LLC v. Nguyen, No. 5:10-CV-05718, 2011
3  WL 6293922, at *2 (N.D. Cal. Dec. 15, 2011); see also J&J Sports Prods.,
4  Inc., 2012 WL 537494, at *3 ("[D]efendants' first affirmative defense[,
5  failure to state a claim,] challenges plaintiff's prima facie case and
6  therefore is not properly raised as an affirmative defense."). Further,
7  Form 30 includes failure to state a claim as a defense rather than an
8  affirmative defense. Fed. R. Civ. P. app. Form 30. Therefore,
9  Plaintiff's motion to strike Defendant's first affirmative defense is
10 GRANTED.

   **ii.  Second and Third Affirmative Defenses**

12      Plaintiffs argue Defendant's second and third affirmative
13 defenses, in which Defendant alleges lack of subject matter jurisdiction
14 and the discretionary function exception to liability under the FTCA,
15 should be stricken since Defendant fails to plead any facts which
16 support them. (Pls.' Mot. 6:24-7:17.) Further, Plaintiffs argue lack of
17 subject matter jurisdiction is not an affirmative defense. Id. 6:25-27.
18 Defendant counters its lack of subject matter jurisdiction affirmative
19 defense is "based on the discretionary function defense . . . raised in
20 its motion to dismiss[; and that] Plaintiffs' assertion that they do not
21 have fair notice of this defense is disingenuous, in light of the
22 extensive briefing of both sides prior to the filing of the Answer
23 herein." (Def.'s Opp'n 6:15-18.)

24      In light of Defendant's response, Plaintiff's motion to strike
25 Defendant's second affirmative defense is GRANTED since it is
26 duplicative of Defendant's third affirmative defense. Further, it is
27 evident that Defendant's third affirmative defense is involved in this
28 case since Defendant's factual position concerning this defense was made

1 known to Plaintiffs in Defendant's August 26, 2011 motion to dismiss.
2 Therefore, this portion of the motion is disfavored and is DENIED.

### iii. Fourth and Eleventh Affirmative Defenses

Plaintiffs argue Defendant's fourth affirmative defense, in which Defendant alleges that Plaintiffs failed to exhaust administrative remedies, should be stricken since "[t]here is no theory offered or facts pled giving Plaintiffs notice of how they failed to exhaust their administrative remedies." (Pls.' Mot. 7:20-21.) Defendant opposes the motion, arguing as follows:

> At this stage of the litigation, it is unclear whether [Plaintiffs] are seeking to recover in this lawsuit items of damages which were not raised during the administrative process, if they are seeking to exceed the monetary limit of their claims, or if they will attempt in their discovery responses to expand the types of injuries for which they seek compensation to include types not covered in their administrative claims.

(Def.'s Opp'n 7:16-20.)

Further, Plaintiffs seek to have Defendant's eleventh affirmative defense stricken, in which Defendant alleges that Plaintiffs failed to mitigate damages, arguing that "Defendant fails to provide any facts giving Plaintiffs notice of how they failed to mitigate." (Pls.' Mot. 8:13-15.) Defendant counters that "merely naming [a] defense[] is sufficient to satisfy the fair notice standard." (Def.'s Opp'n 8:17-18.)

"In light of the disfavored nature of Rule 12(f) motions and the present inability of the court to determine whether the challenged allegations are 'so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party,'" Defendant's motion to strike Plaintiffs' fourth and eleventh affirmative defenses is DENIED. Meas v. CVS Pharmacy, Inc., No. 11-CV-

5

0823, 2011 WL 2837432, at *4 (S.D. Cal. July 14, 2011) (quoting 5C Wright & Miller § 1380 (3d ed. 2004)).

### iv. Fifth Affirmative Defense

Plaintiffs also argue Defendant's fifth affirmative defense, in which Defendant alleges the doctrine of assumption of the risk, should be stricken since there are no facts or theories pled in support of this affirmative defense. (Pls.' Mot. 7:6-12.) Defendant rejoins, arguing "[a]ssumption of the risk is specifically enumerated as an affirmative defense which must be raised [under Rule 8(c)]. . . and is legally sufficient to put Plaintiffs on notice of the nature of the defense." (Def.'s Opp'n 7:4-6.)

"A defense of assumption of the risk applies to tort actions where the Plaintiff knowingly acted to engage in dangerous behavior." Ganley v. Cnty. of San Mateo, No. C06-3923, 2007 WL 902551, at *9 (N.D. Cal. Mar. 22, 2007). Further, the Ninth Circuit has applied the assumption of the risk doctrine to certain claims under the FTCA. See Spence v. United States, 374 F. App'x 717, 718 (9th Cir. 2010) ("[T]here can be little doubt that road hazards are inherent in the sport of organized, long-distance bike riding.").

However, "[a] key factor in determining whether the doctrine of primary assumption of the risk applies is the nature of the activity. The existence and scope of the applicable duty of care in a given case turns both on the nature of the activity involved and the role of defendant whose conduct is at issue." Muchhala v. Spectrum Admin., No. CV-F-05-0863, 2006 WL 2237699, at *3 (E.D. Cal. Aug. 4, 2006). Therefore, since "it is [not] clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation," Plaintiffs' motion to strike Defendant's fifth affirmative defense is

1  DENIED. J&J Sports Prods., Inc. v. Gidha, No. CIV-S-10-2509, 2012 WL
2  537494, at *1 (E.D. Cal. Feb. 17, 2012).

### v. Sixth, Seventh, Eighth, and Ninth Affirmative Defenses

Plaintiffs argue Defendant's sixth, seventh, eighth, and ninth affirmative defenses should be stricken since they are denials of elements of Plaintiffs' claims rather than affirmative defenses. (Pls.' Mot. 8:3-5.) Defendant rejoins, arguing "[t]hese defenses set forth principles of contributory negligence, which is specifically enumerated as an affirmative defense in [Rule] 8(c)." (Def.'s Opp'n 8:4-5.)

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." G&G Closed Circuit Events, LLC v. Nguyen, No. 10-CV-00168, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010). "In contrast, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses." Id.; see also Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

Since Defendant's sixth and seventh affirmative defenses, in which Defendant alleges that Defendant exercised ordinary care and diligence and that any injury to Plaintiffs was not proximately caused by Defendant's negligent conduct, are denials of allegations in Plaintiffs' complaint, Plaintiffs' motion to strike these defenses is GRANTED. However, Defendant's eighth and ninth affirmative defenses plead matters extraneous to plaintiff's prima facie case; therefore, Plaintiffs' motion to strike Defendant's eighth and ninth affirmative defenses is DENIED.

      **vi.    Fourteenth Affirmative Defense**

Plaintiffs argue Defendant's fourteenth affirmative defense, in which Defendant alleges that "Plaintiff's claims are subject to the limitations contained in any and all state laws that may govern this action[,]" is insufficiently pled. (Answer ¶ 44; Pls.' Mot. 9:4-12.) Defendant counters that "[a]t this stage of the litigation, it is unclear whether [Plaintiffs] are seeking to recover in this lawsuit for types of injuries or items of damages which may be the subject of a state limitations statute." (Def.'s Opp'n 9:12-14.)

However, "Defendant fails to plead any facts . . . regarding this defense, merely setting forth that the Action is barred by the applicable statutes of limitations." Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc., No. EDCV 11-197, 2011 WL 3809933, at *3 (C.D. Cal. Aug. 25, 2011); see also Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) ("While the amended answer simply alleged that 'plaintiff's claims are barred by the applicable statute of limitations,' the attached memorandum made specific mention of Cal. Code Civ. Proc. § 338.1 as the statute of limitations upon which CNB relied."); J&J Sports Prods., Inc. v. Gidha, No. CIV-S-10-2509, 2012 WL 537494, at *3 (E.D. Cal. Feb. 17, 2012) ("Without any facts tying the cited sections to the allegations of plaintiff's complaint, defendants' pleading does not give plaintiff notice of the defense.").

Therefore, since Defendant's fourteenth affirmative defense is insufficient to provide Plaintiffs with fair notice of what is pled in this defense, Plaintiff's motion to strike this defense is GRANTED. However, since "Defendant may be able to allege additional facts to support this affirmative defense," Defendant is granted leave to amend. Desert European Motorcars, Ltd., 2011 WL 3809933, at *3.

     **vii. Tenth, Twelfth, Thirteenth, Fifteenth, Seventeenth, Nineteenth, Twentieth, and Twenty-First Affirmative Defenses**

Plaintiffs also seek to strike Defendant's tenth, twelfth, thirteenth, fifteenth, seventeenth, nineteenth, twentieth, and twenty-first affirmative defenses, arguing these defenses "simply seek to limit Plaintiff's damages[, and] a limitation of liability is not an affirmative defense." (Pls.' Mot. 8:21-27.) Defendant does not contend these are affirmative defenses in its opposition to the motion; rather, Defendant argues "denials that are improperly pled as defenses should not be stricken for [the] reason [Plaintiffs' assert] alone." (Def.'s Opp'n 9:1-2 (internal quotation marks and citation omitted).) Defendant also argues "in some cases, applicability of statutes limiting damages may require resolution of factual issues, and in those cases Plaintiffs may be prejudiced if defendant does not raise the issue prior to judgment." Id. 8:27-9:1.

However, denials "do not constitute . . . affirmative defense[s]." J&J Sports Prods., Inc. v. Martinez, No. CV-F-11-00676-LJO-SMS, 2011 WL 4373960, at *3 (E.D. Cal. Sept. 19, 2011). Since Defendant "offers no opposition to Plaintiffs' argument other than to state that there is no prejudice for leaving [these] affirmative defenses in," Plaintiffs' motion to strike Defendant's tenth, twelfth, thirteenth, fifteenth, seventeenth, nineteenth, twentieth, and twenty-first affirmative defenses is GRANTED. Joe Hand Promotions, Inc. v. Estradda, No. 1:10-cv-02165-OWW-SKO, 2011 WL 2413257, at *6 (E.D. Cal. June 8, 2011).

     **viii. Reservation of Rights**

Plaintiffs seek to strike Defendant's "reservation of rights" allegation, arguing that this is not a proper affirmative defense.

(Pls.' Mot. 10:6-10.) Defendant counters that what it alleges as reservation of rights "has not been asserted as an affirmative defense." (Def.'s Opp'n 10:1-2.)

"An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself. Instead, if at some later date defendant[] seeks to add affirmative defenses, [it] must comply with [with the applicable amendment rule]." Solis v. Zenith Capital, LLC, No. 08-cv-4854, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009). Therefore, Plaintiffs' motion to strike Defendant's reservation of rights allegation is GRANTED.

### III.  CONCLUSION

For the stated reasons, Defendant's first, second, sixth, seventh, tenth, twelfth, thirteenth, fourteenth, fifteenth, seventeenth, nineteenth, twentieth, and twenty-first affirmative defenses and Defendant's reservation of rights allegation are stricken. Further, Defendant has voluntarily withdrawn the sixteenth and eighteenth affirmative defenses.

Defendant is granted fourteen (14) days from the date on which this order is filed to file an amended answer addressing the deficiencies in its fourteenth affirmative defense.

Dated:  March 26, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge