IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BOTELL, JENNIFER BOTELL, individually, and B.B. and K.B., minors, by and through their Guardian ad Litem, JENNIFER BOTELL,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | 2:11-cv-01545-GEB-GGH<br><br>ORDER |

Pending are cross-motions for summary judgment on Defendant's third affirmative defense, which is designated as the discretionary function exception to exposure to liability under the Federal Tort Claims Act ("FTCA").

### I. LEGAL STANDARD

When deciding cross-motions for summary judgment, each motion is evaluated on its own merits, "taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 592 (6th Cir. 2001); see also Bryan v. McPherson, 608 F.3d 614, 619 (9th Cir. 2010) (stating all reasonable inferences that can be drawn from the evidence "must be drawn in favor of the non-moving party").

"The burden of proving the applicability of the discretionary

function exception is on [Defendant]." Marlys Bear Med. v. United States ex. rel. Sec'y of Dep't of Interior, 241 F.3d 1208, 1213 (9th Cir. 2001). Thus, concerning Defendant's motion for summary judgment, "'[w]here, as here, the *moving party* bears the burden of proof at trial, [Defendant] must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Houghton v. South, 965 F.2d 1535, 1536 (9th Cir. 1992) (emphasis in original) (quoting Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991)).

"[Defendant], therefore, bears the initial burden of establishing the absence of a genuine issue of material fact on each issue material to [its] affirmative defense." Id. at 1537. "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case." Thrifty Oil Co. v. Bank of Am. Nat. Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Further, concerning Plaintiffs' motion for summary judgment, Plaintiffs have

> both the initial burden of production and the ultimate burden of persuasion on [the motion]. In order to carry its burden of production, [Plaintiffs] must either produce evidence negating an essential element of [Defendant's affirmative defense] or show that [Defendant] does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. In order to carry its ultimate burden of persuasion on the motion, [Plaintiffs] must persuade the court that there is no genuine issue of material fact.

Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000) (internal citations omitted).

## II. DISCUSSION

The FTCA waives sovereign immunity for tort claims arising out of "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1) (2010). However, the FTCA's waiver of immunity is limited by many exceptions, including the discretionary function exception, which provides immunity from suit for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." Id. § 2680(a).

The Supreme Court implemented "a two-step analysis to determine applicability of the [discretionary function] exception." Terbush v. United States, 516 F.3d 1125, 1129 (9th Cir. 2008). The first step requires determining whether the challenged action "involve[s] an element of judgment or choice." United States v. Gaubert, 499 U.S. 315, 322 (1991). "If the action is not discretionary, it cannot be shielded under the discretionary function exception." Whisnat v. United States, 400 F.3d 1177, 1181 (9th Cir. 2005).

"If the conduct involves choice or discretion, the [C]ourt must then determine whether that judgment is of the kind that the discretionary function exception was designed to shield." GATX/Airlog Co. v. United States, 286 F.3d 1168, 1174 (9th Cir. 2002) (internal quotation marks omitted). "The second [step] requires the [C]ourt to determine whether the discretion left to the government is the kind of discretion protected by public policy, which is understood to include

3

decisions grounded in social, economic, or political policy." Myers v. U.S., 652 F.3d 1021, 1028 (9th Cir. 2011) (internal quotation marks omitted).

### A. Plaintiffs' Motion

Plaintiffs argue they are entitled to prevail on their motion "since the [Lassen Volcanic National Park ('LAVO') Environmental, Health and Safety Program ('Safety Program')] is a 'mandatory policy' and no such 'permissive exercise of judgment' exists, 'the inquiry comes to an end' and Plaintiffs need not discuss the second prong." Id. (Pls.' Mot. 14:14-16.

Plaintiffs support this argument by citing certain provisions of the LAVO Safety Program, and by contending that it "prescribe[s] a specific and mandatory course of action for public safety at LAVO[.]" (Pls.' Mot. 5:12-14.) Further, Plaintiffs argue "given the specific courses of action set forth in the *LAVO Safety Program*, which contains mandatory language such as 'will' and 'shall' . . . , there is no genuine issue of fact regarding whether or not LAVO employees had any discretion with regard to following the prescribed courses of action therein." Id. 10:1-5.

However, "[w]hether a challenged action falls within the discretionary function exception requires a particularized analysis of the specific agency action challenged." GATX/Airlog Co., 286 F.3d at 1174. Since Plaintiffs' motion make overbroad and conclusory statements concerning alleged mandatory policies, and fail to distinguish between the specific agency actions challenged, their motion is DENIED. See, e.g., Terbush, 516 F.3d at 1135 ("Because the parties and the district court to some degree lumped the question of maintenance together with the other claims regarding design and construction, we cannot determine

4

whether the government met its burden to prove the applicability of the exception as a matter of law."); GATX/Airlog, 286 F. 3d at 1174 ("With respect to the specific act or actions challenged in this appeal, Airlog does little to differentiate between the FAA's alleged negligence in issuing the STCs and its alleged negligence in approving the equivalent strength testing method.").

**B.  Defendant's Motion**

Defendant argues its motion should be granted because "the challenged actions are covered by the discretionary function exception." (Def.'s Mot. 1:18-19.) Plaintiffs counters that "Defendant has not met its evidentiary burden to establish it is entitled to summary judgment based on the discretionary function exception." (Pls.' Opp'n 8:9-10.)

When deciding the motion, "the court first determines whether a mandatory statute or regulation displaces discretion that government officials might otherwise possess . . . ." Greene v. United States, 207 F. Supp. 2d 1113, 1120 (E.D. Cal. 2002). "An agency does not retain discretion whether to act where a statute or policy directs mandatory and specific action and the agency has no lawful option but to adhere." Bailey v. United States, 623 F.3d 855, 860 (9th Cir. 2010). "On the other hand, the agency retains discretion whether to act where no statute or agency policy dictates the precise manner in which the agency is to complete the challenged task." Id.

Defendant argues "there was no federal statu[t]e, regulation or policy that mandated that the rock retaining walls on the Lassen Peak Trail be maintained in any specific fashion, or that specific warnings be given . . . ." (Defs.' Mot. 13:8-10.) However, Defendant provides no evidence in support of this argument. See Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other

materials in the record.").

Since Defendant has not "come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial[,]" Defendant has not met its burden. Houghton v. South, 965 F.2d 1535, 1536 (9th Cir. 1992); see also Prescott v. United States, 973 F.2d 696, 703 (9th Cir. 1992) ("In its motion to the district court, the government did not come forth with evidence to prove that the alleged acts of negligence by test site officials involved an element of judgment.") (internal quotation marks omitted); Seyler v. United States, 832 F.2d 120, 123 (9th Cir. 1987) ("Because the record is clearly insufficient for entry of summary judgment on the discretionary function issue, we reverse this part of the district court's order as well."); but see Alfrey v. United States, 276, F.3d 557, 562 (9th Cir. 2002) ("In support of its motion for summary judgment, the Government presented evidence, in the form of deposition testimony, that there are no regulations, policies, or other prison guidelines that impose mandatory duties on corrections officers related to cell assignment or the investigation of threats made by inmates.").

### III. CONCLUSION

For the stated reasons, each motion is DENIED.

Dated: July 27, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge