1

2

3

4

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11   THOMAS BOTELL, et al.,

12             Plaintiffs,              No. CIV S-11-1545 GEB GGH

13        vs.

14   UNITED STATES OF AMERICA,

15             Defendant.              SUMMARY ORDER

16   _____/

17             Previously pending on this court's law and motion calendar for November 8,

18   2012, was Plaintiffs' motion to compel further discovery responses and for sanctions, filed

19   September 20, 2012.  Steven Campora appeared for plaintiffs.  Earlene Gordon represented

20   defendant.  After reviewing the joint statement filed November 1, 2012, and having heard oral

21   argument, the court now issues the following summary order.

22             Based on defendant's representation at hearing, that it produced initial disclosures

23   and met its duty to supplement under Fed. R. Civ. P. 26(a) and (e), plaintiffs' motion to compel

24   further responses to their requests for production of documents is denied.  Requests for "each and

25   every" document to support all affirmative defenses are often improper and unduly burdensome,

26   especially when directed at a broad topic.  See Council on American-Islamic Relations Action

1  Network, Inc. v. Schlussel, 2012 WL 4513605 at *2 (E.D. Mich. Oct. 2, 2012) (citing cases).[1]

2  Such requests are easy to make and difficult in response, and may well be a subterfuge for

3  acquiring a final exhibit list long prior to the pre-trial conference.

4       In regard to interrogatories, however, such discovery is not necessarily

5  burdensome to the same degree.  "Each and every fact" type questions concerning a defense call

6  not for an evidentiary submission of extreme minutiae, but rather a description of the material

7  facts supporting the defense.  The goal here is to ensure through discovery that the inquiring

8  party is not surprised by a wholly unanticipated factual theory involving the defense, and to

9  understand the important facts surrounding assertion of the defense.  See Pepsi-Cola Bottling Co.

10  v. Pittsburg, Inc. v. Bottling Group, LLC, 2008 WL 234326 at *1-2 (D. Kan. Jan. 28, 2008)

11  (requiring responses to interrogatories as limited to "material or principal facts" to support each

12  affirmative defense).  Therefore, defendant shall respond to all interrogatories, as limited to

13  *material* facts that support its affirmative defenses.

14       Plaintiffs' request for sanctions is denied as defendant was substantially justified

15  in its position.

16       For reasons stated at hearing, IT IS ORDERED that:

17       1.  Plaintiffs' motion to compel further responses to plaintiffs' request for

18  production of documents and special interrogatories, and for sanctions, filed September 20, 2012,

19  (dkt. no. 59), is granted in part and denied in part.

20       2.  Defendant shall file and serve responses to all interrogatories within fourteen

21  days of the November 8, 2012 hearing.

22

23       [1]There may be situations where "each and every document" requests are appropriate in
   that the request is focused on a specific incident, event, product, and the like.  For example, a
24  request for each and every document related to the *authoring* of the XYZ audit of 2011,
   contemplates a production limited to the actual authoring/creating of a report for a specific time
25  period.  On the other hand, an all documents request simply related to the XYZ audit may
   contemplate millions of pages of underlying accounting data which might well be irrelevant and
26  unduly burdensome to produce.

3.  Defendant is not required to further respond to the requests for production.

4.  Plaintiffs' request for sanctions is denied.

DATED: November 9, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/076
Botell1545.mtc2.wpd