IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS BOTELL, et al.,

        Plaintiffs,                No. 2:11-cv-1545 TLN GGH

    vs.

UNITED STATES OF AMERICA,

        Defendant.               ORDER

_____/

        On March 20, 2013, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. Objections were filed on April 3, 2013, a reply was filed on April 10, 2013, and they were considered by the district judge.

        This court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the motions on the applicable law. See

Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

The court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the March 20, 2013 Findings and Recommendations in full,[1] except for the following modification to recommendation number three (dkt no. 91 at 21:1-2): Any determination whether spoliation of evidence precludes the defense of discretionary function is deferred until the court's resolution of plaintiff's currently pending motion for partial summary judgment. After resolution of plaintiff's motion for partial summary judgment, the court will notify the parties whether an evidentiary hearing regarding the spoliation of evidence as it relates to defendant's discretionary function defense is necessary. Accordingly, IT IS ORDERED that:

1. Plaintiffs' motion for sanctions for spoliation of evidence, filed December 24, 2012 (dkt. no. 77), is granted in part and denied in part.

2. It is established for all purposes in this case, that defendant is deemed to have been negligent in causing the death of Tommy Botell and injury to plaintiff K.B.

---

[1] The government has provided no reason why most of its evidence and arguments were not presented earlier to the magistrate judge. The court has discretion whether to consider newly offered evidence; however, the court "must actually exercise its discretion, rather than summarily accepting or denying the motion." U.S. v. Howell, 231 F.3d 615, 622 (9th Cir. 2000). Although not required to do so, if the court determines to consider new arguments raised in objections, the record must indicate that the court exercised its discretion with specific reasons for rejecting the objections. Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002). In this case, the government indeed has treated its performance before the magistrate judge as a mere dress rehearsal. In addition to omitting reference to crucial record evidence previously presented by plaintiffs, the evidence presented by the government in its objections, specifically deposition testimony of various park and government officials, including Baxter, Lamkins, Harry, Martin, Jones, Foster and others upon which the government now attempts to rely, was in existence at the time the spoliation motion was heard.

3. Any determination whether spoliation of evidence precludes the defense of discretionary function is deferred until the court's resolution of plaintiff's currently pending motion for partial summary judgment. After resolution of plaintiff's motion for partial summary judgment, the court will notify the parties whether an evidentiary hearing regarding the spoliation of evidence as it relates to defendant's discretionary function defense is necessary.

DATED: May 13, 2013

                                          Troy L. Nunley
                                          United States District Judge