UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BOTELL, JENNIFER BOTELL, individually, and B.B. and K.B., minors, by and through their Guardian ad Litem, JENNIFER BOTELL,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:11-cv-01545-TLN-GGH<br><br>**ORDER** |

This matter is before the court on Plaintiffs' motion to strike Defendant's opposition and cross-motion for summary judgment. (Pl.'s Mot. To Strike, ECF 111.) Defendant opposes the motion.[1] (Def.'s Opp'n, ECF 112.) For the reasons set forth below, Plaintiffs' motion to strike is denied.[2]

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] On May 10, 2013, Plaintiffs filed an ex parte application for a court order shortening time to hear Plaintiff's proposed motion to strike. (ECF 103.) On May 16, 2013, Defendant opposed the motion. (ECF 107.) The court granted the application on May 20, 2013, requiring Plaintiffs to file their motion to strike by May 21, 2013, and Defendant to file its opposition by May 28, 2013; no replies were permitted. (Id.)

1

1    This action, filed June 8, 2011, is a wrongful death and personal injury action brought pursuant to the Federal Tort Claims Act ("FTCA").  Plaintiffs are the Botell family, who allege that while visiting Lassen Volcanic National Park on July 29, 2009, children Tommy and K.B. Botell were sitting on a mortared rock wall to rest during a hike, when it gave way and rolled downhill, causing Tommy's death and injuring K.B.  Plaintiffs are K.B., her sister B.B., through their guardian ad litem, Jennifer Botell, and their parents, Thomas and Jennifer Botell, who were present at the incident.  The complaint alleges wrongful death, personal injury – negligence, and negligent infliction of emotional distress.  As one of its defenses to this FTCA action, Defendant relies on the discretionary function exception to the FTCA, which concerns the court's subject matter jurisdiction.

On January 21, 2012, the court entered its pretrial scheduling order, stating that "[t]he last hearing date for a motion is April 8, 2013," and that any "motion shall be briefed as prescribed in Local Rule 230."  (ECF 26 at 2:9-11.)  On January 24, 2013, as a result of various discovery disputes, the court issued an amended scheduling order, extending the deadline for dispositive motions to May 6, 2013.  (ECF 84.)

On April 01, 2013, Plaintiffs filed a motion for partial summary judgment on a number of Defendant's affirmative defenses.  (ECF 92.)  On April 03, 2013, this case was reassigned from the Honorable Garland E. Burrell, Jr. to the undersigned.  (ECF 93.)  In light of the reassignment, the court vacated the hearing on Plaintiffs' motion for partial summary judgment, previously set for May 06, 2013, and continued the matter to June 6, 2013.  (ECF 95.)  On May 09, 2013, Defendant filed an opposition and cross-motion for summary judgment, arguing that the discretionary function exception to the FTCA is applicable and withdrawing its defenses of assumption of the risk, contributory negligence, and failure to mitigate.  (ECF 102.)

Plaintiffs filed their motion to strike on May 21, 2013.  (ECF 111.)  Defendant filed its opposition on May 28, 2013.  (ECF 112.)

///

///

///

2

1    Plaintiffs assert that the court should strike Defendant's motion for summary judgment[3]
2 because it did not comply with the deadlines set forth in the court's scheduling order.
3 Specifically, Plaintiffs assert that, because the court set the dispositive motion deadline at May 6,
4 2013, in accordance with Local Rule 230, "the parties must have filed all dispositive motions by
5 April 8, 2013." (ECF 111-1 at 22-24.) Because Defendant's motion was not filed until May 9,
6 2013, Plaintiffs assert, it was untimely, and should thus be stricken. (Id. at 2:24-25.)

7    Defendant maintains that, contrary to Plaintiffs' assertion, its motion complied with the
8 relevant scheduling order. The Gravamen of Defendant's argument is that because the court
9 continued the hearing on Plaintiffs' motion for summary judgment to June 6, 2013, "[u]nder
10 Local Rule 230, all deadlines were . . . to be calculated according to the June 6th date."
11 (ECF 112 at 3:6-7.) Defendant maintains that, "[w]ith the hearing date set on June 6, 2013, the
12 United States' Opposition to Plaintiffs' motion and its own Cross-Motion were . . . due to be filed
13 by May 23, 2013." (Id. at 3:14-16.)

14    Local Rule 230(e) provides that "[a]ny counter-motion or other motion that a party may
15 desire to make that is related to the general subject matter of the original motion shall be served
16 and filed in the manner and on the date prescribed for the filing of opposition." Oppositions
17 "shall be filed and served not less than fourteen (14) days preceding the noticed (*or continued*)
18 hearing date." E.D. Cal. Local Rule 230(c) (emphasis added).

19    On April 03, 2013, the court continued the hearing on Plaintiffs' motion for summary
20 judgment to June 6, 2013. (ECF 95.) Defendant filed its *cross-motion* for summary judgment on
21 May 09, 2013, twenty-eight days prior to the continued hearing date. (ECF 102.) As such,
22 Defendant's cross-motion was filed within the fourteen day limit set forth by Local Rule 230(e)
23 and the court's scheduling order.
24 ///

---

25  [3] Plaintiffs mischaracterized the filing they seek to strike as a motion for summary judgment.
26 Defendant's filing is actually an opposition to Plaintiffs' motion and a cross-motion for summary judgment. (See ECF 102-1 at 1:1-4 ("The United States offers the following points and
27 authorities in opposition to Plaintiffs' Motion for Summary Judgment [Doc.92], and in support of its Cross-motion for Summary Judgment against all Plaintiffs on the basis of the discretionary
28 function exception to government liability under the Federal Tort Claims Act.").)

Based on the foregoing, Plaintiffs' motion to strike Defendant's cross-motion for summary judgment is DENIED.

Dated: June 11, 2013

Troy L. Nunley
United States District Judge

4